UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT ELTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 23-CV-0284-CVE-MTS |
| | ) |
| DAVID BUSS, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Robert Elton, a self-represented Oklahoma prisoner, commenced this action by filing a "Petition for Writ of Habeas Corpus by an Indian Person Held by a State Via Article III of the U.S. Constitution and 25 U.S.C. § 71 (1871)" ("petition") (Dkt. # 1).[1] Respondent David Buss moves to dismiss the petition, asserting that it is a second or successive petition subject to the requirements of 28 U.S.C. § 2244(b), that Elton did not obtain the necessary authorization to file a second or successive petition, and that this Court therefore lacks jurisdiction to adjudicate the petition. Dkt. ## 6, 7. Elton contends that neither 28 U.S.C. § 2244(b) nor any other provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to his request for a writ of habeas corpus. Dkt. ## 5, 8. For the reasons stated below, the Court finds and concludes that the AEDPA applies, that the petition is an unauthorized second or successive petition, and that the petition shall be dismissed for lack of jurisdiction.

I.

Elton presently is incarcerated at the Dick Conner Correctional Center, in Hominy, Oklahoma, under the judgment and sentence entered against him in Tulsa County District Court

---

[1] Because Elton appears without counsel, the Court liberally construes his pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Case No. CF-2002-5476. Dkt. # 1, at 1. In that case, a jury convicted Elton of robbery with a firearm and assault and battery with a dangerous weapon, the jury recommended terms of fifty years' imprisonment and ten years' imprisonment, the trial court sentenced Elton accordingly and ordered that he serve those terms consecutively, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence in March 2005. Id.; Dkt. # 7-1, at 1. In December 2005, Elton sought postconviction relief in state district court. Dkt. # 7-3. The state district court denied relief, and the OCCA affirmed the state district court's order in June 2006. Id.

In July 2006, Elton filed a petition for writ of habeas corpus in this court, seeking relief under 28 U.S.C. § 2254 and asserting three claims. Dkt. # 7-4. This court denied the petition in November 2009. Id.; see Elton v. Dinwiddie, No. 06-CV-0389-TCK-FHM, 2009 WL 4016071 (N.D. Okla. Nov. 19, 2009) (unpublished).

Nearly eleven years later, in July 2020, Elton filed a second application for postconviction relief in state district court. Dkt. # 7-5. In this application, Elton relied on McGirt v. Oklahoma, 591 U.S. ___, 140 S. Ct. 2452 (2020), to argue that the State of Oklahoma improperly exercised criminal jurisdiction over his prosecution because he is Indian and he committed his crimes in Indian country. Id. at 10. On April 8, 2021, the state district court orally announced that it would grant postconviction relief, over the state's objection, but the state district court did not enter a written order granting relief or vacating his judgment. Dkt. # 7-2, at 48; Dkt. # 7-5, at 10. Two months later, Elton moved for a written order and objected to any stay of the postconviction proceeding. Dkt. # 7-2, at 48. The state district court overruled Elton's objection to a stay and reset the matter for a postconviction hearing on October 7, 2021. Id. On October 11, 2021, the state district court entered a written order denying postconviction relief based on the OCCA's decision in State ex rel. Matloff v. Wallace, 497 P.3d 686 (Okla. Crim. App. 2021), which held

2

that McGirt would not be applied retroactively to provide state postconviction relief to a criminal defendant if his or her judgment and sentence was final before McGirt was decided.  See id. (link to document # 1050468715);[2] Dkt. # 7-5, at 10-16.  Elton filed a postconviction appeal, and the OCCA affirmed the state district court's order in February 2022.  Dkt. # 7-6.

On February 25, 2022, Elton filed a motion for relief from judgment, in N.D. Okla. Case No. 06-CV-0389-TCK-CDL, purporting to seek relief from a "void and unlawful" state court judgment.  Dkt. # 7-8.  In an order filed August 2, 2022, this court construed the motion as an unauthorized second or successive habeas petition and dismissed the petition for lack of jurisdiction.  Id.

In November 2022, Elton filed a third application for postconviction relief in state district court.  Dkt. # 7-10.  The state district court denied the application, and the OCCA affirmed the state district court's order in March 2023.  Dkt. # 7-12.

Elton filed the instant petition and a brief in support of the petition on July 7, 2023.  Dkt. # 1, at 3; Dkt. # 1-1.[3]  In the petition, Elton identifies four claims:

> Ground One:   Oklahoma does not possess sovereign authority over Indian Country—specifically Tulsa County pursuant to U.S. treaties with the Muscogee Creek Nation (MCN), Seminole Nation (SN) including U.S. congressional acts that,

---

[2] With the motion to dismiss, respondent submitted a copy of the state court docket sheet containing links to certain documents filed in state district court.  Dkt. # 7-2.  In its written order denying postconviction relief, the state district court found that Elton "was a citizen of the Chippewa Cree Tribe on the date of the offense, October 24, 2002; that Elton became enrolled as a citizen of that tribe, which is a federally recognized tribe, on February 28, 1992; that Elton "has a degree of Chippewa Cree blood"; and that Elton committed his crimes of conviction "within the Muscogee Creek Nation and/or the Cherokee Nation."  See Dkt. # 7-2, at 48 (link to document # 1050468715).

[3] The Clerk of Court received the petition on July 11, 2023.  Dkt. # 1, at 1.  But Elton declares, under penalty of perjury, that he placed the petition in the prison mailing system, with correct postage affixed, on July 7, 2023, and the corresponding envelope bears a postmark dated July 7, 2023.  The Court thus deems the petition filed on July 7, 2023.  Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

3

*in toto*, form unmistakable federal preemptions to Oklahoma authority[;]

Ground Two: Petitioner can at no time be made a state prisoner on a theory of robbery and cannot be forced into slavery in such a way; general rules and procedures governing Oklahoma's actual sovereign powers did not cover the jury trial conducted upon him, nor do Oklahoma powers cover this proceeding nor any other process as Congress has not said so[;]

Ground Three: Petitioner is a slave—having been sentenced to 60 years of servitude under the Oklahoma Department of Corrections in violation of *inter alia* 13th Amendment to the U.S. Constitution[; and]

Ground Four: The U.S. Congress has not authorized the county district court chartered by a state government with power to issue enforceable orders sustaining imprisonment of federally recognized tribes or their members in Indian country whereby the result is slavery[.]

Dkt. # 1, at 3 (grammar and punctuation in original; full capitalization and boldface-type omitted).

In an order filed August 2, 2023, the Court directed respondent to respond to the allegations in the petition. Dkt. # 3. On August 29, 2023, Elton filed a "motion requesting modification of court order," asserting that the AEDPA does not apply to his petition and asking this Court to reconsider its order directing respondent to file a responsive pleading. Dkt. # 5. Three days later, respondent filed a motion to dismiss the petition and a brief in support of the motion. Dkt. ## 6, 7.[4]

**II.**

Respondent contends, and the Court agrees, that the petition is an unauthorized second or successive petition that must be dismissed for lack of jurisdiction. Dkt. ## 6, 7. The phrase "second or successive" is not defined in 28 U.S.C. § 2244(b), but the United States Supreme Court has explained that a second or successive petition filed by a state prisoner seeking relief under 28

---

[4] Because respondent filed a responsive pleading, the Court denies as moot Elton's motion requesting modification of court order (Dkt. # 5). Even if this request was not moot, the Court would deny the motion because, as discussed next, Elton's argument that the AEDPA does not apply to his request for habeas relief lacks merit.

4

U.S.C. 2254 from the same underlying state judgment challenged in a first § 2254 petition, with no new intervening judgment between the first and second or successive petition, is a second or successive petition subject to the requirements of § 2244(b). Compare Burton v. Stewart, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was "second or successive" under 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"), with Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) (explaining that "where, unlike in Burton, there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting Burton, 549 U.S. at 156)). As previously discussed, Elton filed a § 2254 petition in this court in 2006 challenging the validity of his custody under the judgment entered against him in Tulsa County District Court Case No. CF-2002-5476, and he filed a Rule 60(b) motion in 2022 that this court construed as a second § 2254 petition challenging that same judgment. Notwithstanding Elton's description of his petition as a "Petition for Writ of Habeas Corpus by an Indian Person Held by a State Via Article III of the U.S. Constitution and 25 U.S.C. § 71 (1871)," the substance of Elton's claims demonstrates that he seeks a writ of habeas corpus under § 2254 because he alleges that he is "in custody pursuant to the judgment of a State court" and each claim he identifies asserts that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see United States v. Baker, 718 F.3d 1204, 1208 (10th Cir. 2013) (explaining that federal courts "look at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction"); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias,

habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls."). Because Elton is in state custody and the substance of his claims challenge the validity of his state court judgment, the Court finds that the instant petition is a § 2254 petition.

The Court further finds that the instant petition is a second or successive petition subject to § 2244(b) because it is Elton's third § 2254 petition challenging the same underlying state court judgment. Elton argues that "[t]his filing cannot be a true *second and successive* nor constrained by AEDPA when the state court in the first place acted beyond its sovereign authority to convene a jury and the result was a miscarriage of justice." Dkt. # 8, at 2 (emphasis in original). He also argues that applying the AEDPA's procedural requirements "will violate *unintentionally* hundreds of treaties." Id. (emphasis in original). But there is no legal support for Elton's argument that the AEDPA—particularly § 2244(b)—does not apply when a state prisoner raises claims that challenge the state's authority to prosecute him for crimes he committed in Indian country. See, e.g., Pacheco v. Habti, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); Prost v. Anderson, 636 F.3d 578, 592 (10th Cir. 2011) (noting that the court of appeals had previously "barred a state prisoner convicted of murder and sentenced to death by the wrong sovereign from bringing a successive collateral attack to contest his conviction," because "like a statutory claim of innocence, lack of jurisdiction is not one of the two authorized grounds upon which a successive § 2254 motion may be filed").

A federal district court must dismiss claims asserted in a second or successive petition filed by a state prisoner if those claims were "presented in a prior application." 28 U.S.C. § 2244(b)(1). In limited circumstances, a district court may consider claims presented in a second or successive

petition filed by a state prisoner if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive petition in federal district court, raising either previously presented or newly presented claims that might fall within § 2244(b)(2)'s narrow exceptions, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. 28 U.S.C. § 2244(b)(3)(A). If the state prisoner does not obtain the requisite authorization, the district court does not have jurisdiction to adjudicate any claims raised in the second or successive petition. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization."). If the state prisoner obtains the requisite authorization before filing a second or successive petition, the district court must consider, before it reaches the merits of any claims, whether the individual claims asserted in the petition should be dismissed under § 2244(b). Case v. Hatch, 731 F.3d 1015, 1026-27 (10th Cir. 2013). Nothing in the petition or the brief in support of the petition suggests that Elton obtained permission to file a second or successive petition from the United States Court of Appeals for the Tenth Circuit before he filed the instant petition. Dkt. ## 1, 1-1.[5] The Court thus finds that the petition should be dismissed for lack of jurisdiction.[6]

---

[5] This court previously advised Elton that a federal district court lacks jurisdiction to adjudicate a second or successive habeas petition unless the petitioner obtains authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive habeas petition. Dkt. # 7-8, at 2.

[6] The Court recognizes that it could transfer this matter to the United States Court of Appeals for the Tenth Circuit as an alternative to dismissal. See Cline, 531 F.3d at 1252. But, as respondent contends, that would be a waste of judicial resources because the claims in the instant petition appear to be barred by the statute of limitations and some claims appear to be unexhausted or otherwise procedurally barred. Dkt. # 7, at 18-26.

**III.**

Based on the foregoing, the Court grants respondent's dismissal motion and dismisses the petition, without prejudice, for lack of jurisdiction because it is an unauthorized second or successive petition. Further, because reasonable jurists would not debate the procedural dismissal of the petition, the Court denies a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (discussing standards for issuance of a certificate of appealability).

**IT IS THEREFORE ORDERED** that (1) respondent's motion to dismiss (Dkt. # 6) is **granted**; (2) the "Petition for Writ of Habeas Corpus by an Indian Person Held by a State Via Article III of the U.S. Constitution and 25 U.S.C. § 71 (1871)" (Dkt. # 1) is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody and is **dismissed without prejudice**, for lack of jurisdiction because it is an unauthorized second or successive petition; (3) a certificate of appealability is **denied**; and (4) Elton's motion requesting modification of court order (Dkt. # 5) is **denied**.

**DATED** this 24th day of January, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE